IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JESSICA CILIONE**,<br><br>        Plaintiff,<br><br>      v.<br><br>**TECHFIVE, LLC**,<br><br>        Defendant. | Case No. 3:18-cv-02030-SI<br><br>**OPINION AND ORDER** |

Michael O. Stevens, STEVENS & LEGAL, LLC, 3699 NE John Olsen Avenue, Hillsboro, Oregon 97124. Of Attorneys for Plaintiff.

Mark A. Crabtree and Anthony P. Copple, JACKSON LEWIS P.C., 200 SW Market Street, Portland, Oregon 97201. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Plaintiff Jessica Cilione brings four claims against her former employer, Defendant TechFive, LLC, alleging that she was discriminated against on the basis of gender in violation of Or. Rev. Stat. § 659A.030, retaliated against for using protected medical leave in violation of Or. Rev. Stat. § 659A.183, retaliated against for whistleblowing in violation of Or. Rev. Stat. § 659A.199, and wrongfully discharged under Oregon common law. Defendant moves to dismiss Plaintiff's discrimination and whistleblowing claims as untimely and moves for the dismissal of

Plaintiff's common law wrongful discharge claim because it is precluded by statute. For the reasons that follow, Defendant's motion is granted in part and denied in part.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a

probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epstein Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

## BACKGROUND

Plaintiff began working for National Electronic Warranty in 2007. When Defendant purchased National Electronic Warranty in 2016, Plaintiff became one of Defendant's employees, and she remained an employee of Defendant until 2018. Defendant operates a call center that provides customer support to owners of electronic equipment and sells property protection for a variety of electronic equipment.

On January 12, 2017, Plaintiff discovered that some customer-care agents were improperly adding property protection plans for electronics without customers' knowledge or consent. She immediately reported this to her supervisors. Plaintiff's immediate supervisor at the time was John Sergi, and Sergi's supervisor was Lawrence Jones. Brandon Keffer was another of Plaintiff's supervisors. Plaintiff reports that her supervisors told her to ignore her co-workers' improper actions. Also in January of 2017, Plaintiff was passed over for a promotion, and a male colleague with less experience than Plaintiff was selected for the position. On January 24, 2017, Plaintiff was passed over for a position on the Customer Solution Team ("CST"). In February of 2017, a male colleague with less experience was selected for the CST position instead of Plaintiff.

In July 2017, Plaintiff experienced a serious health condition as a result of the stress she experienced in the workplace. She requested leave under the Oregon Family Leave Act ("OFLA"). On July 21, 2017, Defendant granted Plaintiff's OFLA leave request, although Marilyn Gueltzow, the human resources representative in Defendant's call center, told Plaintiff she should "quit her job." On July 26, 2017, Ms. Gueltzow shared the details of Plaintiff's OFLA

PAGE 3 – OPINION AND ORDER

leave with other employees by email. On July 31, 2017, Mr. Jones denied Plaintiff's request for a more flexible work schedule, although he granted other coworkers' requests for a flexible schedule.

In August of 2017, Plaintiff reported to Ms. Gueltzow that two of her supervisors, Mr. Keffer and Mr. Sergi yelled at and humiliated female co-workers. She also reported that one of her male co-workers, Rexford Copsy, frequently followed her around the workplace and into the bathroom. Defendant did not investigate Plaintiff's complaints.

On September 21, 2017, Plaintiff took continuous OFLA leave due to the effects on her health of the allegedly hostile workplace. Plaintiff has not worked for Defendant since approximately January 2018. On March 26, 2018, Plaintiff filed a complaint with the Bureau of Oregon Labor and Industries ("BOLI"), alleging that Defendant subjected her to a hostile work environment and retaliated against her based on her sex, for reporting sex discrimination, for whistleblowing, and for invoking the OFLA.

## DISCUSSION

### A. Statute of Limitations

Defendant argues that Plaintiff's sex discrimination and whistleblower claims are untimely because Plaintiff did not file her BOLI complaint until March 26, 2018, while the actions complained of occurred in January and February of 2017.[1] Under Oregon law, a complaint based on an alleged unlawful employment practice under any statute in chapter 659A must be filed in court or with BOLI within one year of the occurrence of the unlawful employment practice. Or. Rev. Stat. § 659A.875(1); Or. Rev. Stat. § 659A.820.

---

[1] Defendant does not contend that Plaintiff's claim for retaliation for using protected medical leave under Or. Rev. Stat. § 659A.183 is untimely.

"[F]ailure to promote, denial of transfer, or refusal to hire" are examples of discrete actions that are easy to identify. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'" from which the limitations period begins to run. *Id.*; *see also Spangler v. City of Monument*, 2017 WL 6723764, at *2 (D. Or. Dec. 21, 2017) (recognizing that "discrete instances of discrimination that occurred outside the limitations period" are time-barred).

Plaintiff identifies the specific actions of Defendant that she contends violate Or. Rev. Stat. § 659A.030: (1) promoting male employees over Plaintiff; (2) belittling and humiliating female employees; and (3) failing to investigate Plaintiff's complaint that Mr. Copsy followed her. ECF 4 ¶ 34. The first alleged wrong, promoting male employees over Plaintiff, occurred in January and February of 2017, when Plaintiff was denied a promotion and passed over for the CST position. These two incidents of discrimination are discrete actions that are time-barred because they occurred more than one year before Plaintiff filed her BOLI complaint.

Plaintiff bases her whistleblower retaliation claim under Or. Rev. Stat. § 659A.199 on unspecified acts of retaliation she suffered for reporting: (1) that agents were adding property protection plans without customers' consent or knowledge; (2) that Mr. Keffer and Mr. Sergi yelled at and belittled female employees; and (3) that Mr. Copsy was following Plaintiff. As the Supreme Court stated in *Morgan*, each "retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice." *Morgan*, 536 U.S. at 114. Although Plaintiff reported that her co-workers were adding property protection plans without customer consent in January of 2017, because the retaliation, not the report, is the actionable event, the statute of limitations begins to run from the adverse employment action. Any adverse employment actions

that Plaintiff suffered after March 26, 2017 (one year before she filed her BOLI complaint) are not time-barred. Any retaliation that occurred before to that date, including the two times that Plaintiff was passed over for a promotion in January and February of 2017, do not come within the one-year statute of limitations and are untimely.

Plaintiff counters that the "continuing violation" doctrine applies to her claims, which although composed of multiple discrete actions, are cumulatively part of the same unlawful employment practice. Because some acts are within the statute of limitations, she argues, all of the acts constituting the unlawful employment practice are timely. *See Morgan*, 536 U.S. at 122. The Oregon Court of Appeals has observed that the continuing violation doctrine does not extend to "claims arising from discrete acts, such as plaintiff's discriminatory discharge claim." *Garcez v. Freightliner Corp.*, 188 Or. App. 397, 404 (2003). Federal courts in Oregon have consistently held that the continuing violation doctrine does not apply to discrete acts of retaliation in violation of state law. *See, e.g.*, *Daniel v. Or. Health & Sci. Univ.*, 262 F. Supp. 3d 1079, 1088 n.7 (D. Or. 2017); *Scruggs v. Josephine Cty. Sheriff's Dep't*, 2008 WL 608581, at *13 (D. Or. March 4, 2008); *Reyna v. City of Portland*, 2005 WL 708344, at *5 (D. Or. March 28, 2005).

Plaintiff contends that Mr. Copsy, Mr. Keffer, and Mr. Sergi's actions, together, created a hostile work environment. "Hostile environment claims are different in kind from discrete acts." *Morgan*, 536 U.S. at 115. "Their very nature involves repeated conduct" and therefore "[t]he 'unlawful employment practice' . . . cannot be said to occur on any particular day." *Id.* Because it appears as though Plaintiff alleges that Mr. Copsy, Mr. Keffer, and Mr. Sergi's conduct continued until at least August 2017, Plaintiff's hostile work environment claim is timely. Other alleged unlawful employment practices occurring after March 26, 2017, including Plaintiff being denied a flexible work schedule and retaliation for taking OFLA leave are timely. Discrete

employment actions that occurred before March 26, 2017 are time-barred because a complaint based on an alleged unlawful employment practice under Or. Rev. Stat. § 659A must be filed in court or with BOLI within one year of the occurrence of the unlawful employment practice. These include the times when Plaintiff was passed over for a promotion and for the CST position in January and February of 2017.

**B. Common Law Wrongful Discharge**

Plaintiff asks the Court to decide the oft-raised issue of whether a plaintiff who alleges common law wrongful discharge is precluded from bringing that claim because there is an adequate statutory remedy. Defendant argues that controlling Oregon Supreme Court precedent, as interpreted by a long line of cases in this district, requires a finding that Plaintiff's claims for common law wrongful discharge are precluded. Defendant contends that the test for whether a claim for common law wrongful discharge is precluded under Oregon law is disjunctive: it requires a showing that either (1) an existing remedy adequately protects the public interest in question, or (2) the legislature has intentionally abrogated the common law remedies by establishing an exclusive remedy. *See Arnold v. Pfizer, Inc.*, 970 F. Supp. 2d 1106, 1145 (D. Or. 2013); *Draper v. Astoria Sch. Dist. No. 1C*, 995 F. Supp. 1122, 1130-31 (D. Or. 1998). Plaintiff contends that the appropriate test, as articulated by the Oregon Court of Appeals, is conjunctive: the defendant must demonstrate both that the provided remedy is adequate and that the legislature intended the statute to abrogate preexisting common law remedies. *See Kemp v. Masterbrand Cabinets, Inc.*, 257 Or. App. 530, 537-38 (2013); *Olsen v. Deschutes County*, 204 Or. App. 7, 14 (2006); *see also Neighorn v. Quest Health Care*, 870 F. Supp. 2d 1069, 1106 (D. Or. 2012) (discussing cases applying the disjunctive and conjunctive tests).

Plaintiff recognizes that Oregon statutory law, including Or. Rev. Stat. §§ 659A.199, 659A.230, and 659A.283 among the many statutes listed in Or. Rev. Stat. § 659A.885, provides

PAGE 7 – OPINION AND ORDER

a remedy for wrongful discharge claims. *See* ECF 4 ¶ 45. Plaintiff brings claims for retaliation, culminating in her constructive discharge, under Or. Rev. Stat. §§ 659A.183 and 659A.199. Accordingly, the relevant question for the Court is whether Oregon law requires the conjunctive test articulated by the Oregon Court of Appeals or the disjunctive test articulated by federal courts in this district.

The Court has already addressed this issue, at length, in *Lovell v. Sky Chefs Inc.*, 2015 WL 4488026, at *2-3 (D. Or. July 22, 2015). There, the Court concluded that "if an adequate statutory remedy exists, a common law wrongful discharge claim based on the same conduct is precluded." *Id.* (citing *Draper*, 995 F. Supp. at 1130-31). The Court noted that "there is almost uniform agreement among the other judges in this district" that if an adequate statutory remedy exists, a common law wrongful discharge claim is precluded. *Id.* (collecting cases).

Plaintiff makes no effort to distinguish this long line of cases in her briefing, instead relying solely on the Oregon Court of Appeals decision in *Olsen v. Deschutes County*, 204 Or. App. 7, 14 (2006) (applying the conjunctive test). "A federal court sitting in diversity, however, is not bound by the decisions of a state intermediate appellate court if it determines that the state's highest court would reach a different conclusion." *Lovell*, 2015 WL 4488026, at *3 (quoting *McCubbrey v. Veninga*, 39 F3d 1054, 1055 (9th Cir. 1994)). The Court has already rejected the argument that the Oregon Court of Appeals decision in *Olsen* portends the Oregon Supreme Court's direction on this issue. *See Duran v. Window Prods., Inc.*, 2011 WL 1261190, *3 (D. Or. Mar. 29, 2011) (declining to adopt the Oregon Court of Appeals' conjunctive test until the Oregon Supreme Court has clarified the issue). Accordingly, because Plaintiff has an adequate statutory remedy under Oregon law, Plaintiff's claim for common law wrongful discharge must be dismissed.

## CONCLUSION

Defendant's Motion to Dismiss (ECF 12) is GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED**.

DATED this 18th day of March, 2019.

<u>/s/ *Michael H. Simon*</u>
Michael H. Simon
United States District Judge
